## COOK, appellant, v. SOULE *et al.*

*Landlord and tenant — covenant to repair — damage for breach of — how measured.*

The lessor of premises agreed to keep them in good and sufficient repair during the term. The premises being out of order, the lessee made certain repairs. *Held* (following *Myers* v. *Burns*, 35 N. Y. 269), that damages from the breach of the agreement could be set up as a counter-claim on an action for rent due under lease.

Under such an agreement, the tenant may either repair and recover the expense, or recover damages sustained by lessors for failure to repair. Lessees, by making partial repairs, could not bar a recovery for damages sustained before making, or those sustained by defects not embraced in the repairs.

The measure of damages, in case of a breach by lessor, may be either the amount of damage done to the property of lessee or the difference between the value of the premises as they were and their value if in good repair.

Where two different rules for measuring damages exist, a party may give evidence tending to establish the amount according to either rule, leaving it to the jury to select that rule which is most just in the particular case.

APPEAL from a judgment for the defendants rendered on verdict in the Onondaga county court, and from order denying a new trial in that court. The facts appear in the opinion.

*Irving J. Vann,* for appellant.

*I. D. Garfield,* for respondent.

TALCOTT, J. This action was commenced to recover money claimed to be due from the defendants to the plaintiff for the rent of a certain building occupied as a livery stable. The defendants set up, by way of counter-claim, damages sustained by them by reason of the neglect and refusal of the plaintiff to perform and fulfill that part of the agreement which bound him to keep the premises in good and sufficient repair during the term. That this may be done, is settled by the case of *Myers* v. *Burns*, 33 Barb. 401, affirmed in the court of appeals. 35 N. Y. 269. The same case also shows that the tenant, in such a case, may elect to make the necessary repairs and recover of the lessor the expense thereof, or may recover of the lessor the damages sustained in consequence of the breach of the agree-

ment to repair. In this case the tenants made some partial reparations, and they also gave evidence against objection as to the damages sustained by their property on the premises in consequence of the breaking down of the floor from the rottenness of the joists and also from leakage. The plaintiffs, among other things, claimed that, having elected to make the repairs, the defendants should be confined in their recovery to the expense incurred thereby. Of course this can only apply to the particular repairs made by the tenants, and cannot debar them from recovering for the damages sustained before the repairs were made, or for damages sustained by other defects not embraced by the repairs which they saw fit to make.

The plaintiff made numerous objections to the evidence tending to prove the damages sustained, many of which objections were overruled. The only reason now offered to show that the objections were well taken is, that the damages were too remote. The evidence tended to show injury to property of the tenants, which, it was contemplated by the parties, would be necessarily and properly kept in the building in the prosecution of their business, by reason of the leakage of the roof, and the expense of temporarily hiring some horses stabled at another place in consequence of the untenable condition of the premises. We do not think such damages are too remote. That the property of the tenants, of the particular description disclosed by the evidence, was to be kept in the building, that it was essential that it should be secured from the elements, and that the keeping of the premises in proper repair, as against the elements, and as against the falling of the floors by decay, must have been in contemplation of the parties. The damages claimed are not so remote as those allowed in the case of *Myers* v. *Burns supra,* where the tenants were allowed to recover by way of counterclaim, the amount which they would have been able to realize from the renting of rooms in a hotel, which rooms were untenantable by reason of smoky flues. We think the evidence was admissible to go to the jury to determine whether the damage was the unavoidable result of the neglect to repair. The defendants were allowed to prove the value of the use of the premises if kept in repair, according to the agreement, and such value in the condition in which they were actually suffered to remain. And the county judge charged the jury, " among other things," that, " if the agreement was made and the plaintiff failed to keep it, the defendants were entitled as damages

therefor, to the difference between the value of the premises as they were, and as they would have been, if kept in repair."

We can see no reason why another measure of damages, besides those specified in the case of *Myers* v. *Burns,* namely, the difference between the value of the use of the premises in the condition in which they actually were, and that in which they were agreed to be kept, may not also be proper. It is very similar to the question presented on a warranty, where it is settled that the measure of damages is the difference between the property as it actually was, and as it was warranted to be. The agreement to keep the premises in good repair, is in the nature of a warranty that they shall be so kept. Of course the defendants were not entitled to recover the damages to their property and also the difference in the value of the premises, and it is to be presumed the jury was properly instructed on this point, and was told that they might take either rule as the measure of the damages, but could not allow both. We do not see why a party entitled to damages, where different rules for measuring the damages exist, may not give evidence tending to establish the amount according to either rule, leaving the jury under proper instructions to select that which is most just and reasonable in the particular case. Such instructions, we must presume, were given in this case. We must also assume that all the disputed questions of fact were properly disposed of by the jury under proper instructions, and we discover no reason for disturbing the judgment upon any of the grounds to which our attention has been called by the plaintiff's counsel.

<div align="right">

*Judgment affirmed.*